NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENKHBOLD DORJ; OYUNBAYAR MOONON; BATTUYA ENKHBOLD,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-71131

Agency Nos.   A089-967-936
A089-967-937
A089-967-938

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2022[**]
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner Enkhbold Dorj, along with his wife and child, Oyunbayar Moonon

and Battuya Enkhbold, natives and citizens of Mongolia, filed a timely petition for

review of a final decision of the Board of Immigration Appeals ("BIA") dismissing

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

their appeal from an immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

The IJ found several inconsistencies with Dorj's testimony. First, Dorj testified that he was arrested and beaten for his participation in a political rally that had between 2,000 and 3,000 participants. He later testified that the rally only had 400-500 participants. The IJ asked whether Dorj could provide newspaper articles to corroborate his testimony about the size of the rally, but Dorj did not submit any such articles. Second, Dorj testified that he was released from police custody after his 2006 arrest when his friend paid a bribe to police. Dorj's wife testified that she paid the bribe with money she received from her father. Third, Dorj testified that his wife picked him up from the police station after his 2008 arrest. However, his wife testified that her cousin picked him up from the station. Fourth, different from Dorj's testimony, Moonon failed to mention that Dorj was summoned to the police station in May 2006 or that the police demanded more money from Dorj after his release in

2008.

Because substantial evidence supports the adverse credibility finding, the BIA did not clearly err when it affirmed the IJ's denial of asylum and withholding of removal. Dorj did not brief the denial of CAT relief separately from his challenge to the adverse credibility finding, and we therefore decline to reach this issue as forfeited. Fed. R. App. P. 28(a)(8)(A); *see also Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1126 n.1 (9th Cir. 2012) (holding that petitioner's failure to brief denial of asylum, withholding of removal and CAT protection claims resulted in waiver).

**PETITION DENIED.**